UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN ZHONGHE TEXTILE CO. LTD.; and SHENZHENSHI LINGKE WANGLUOKEJI YOUXIANGONGSI, </br></br> Plaintiffs, </br></br> v. </br></br> WATERS INDUSTRIES, INC., </br></br> Defendant. | No. 24-cv-4682 </br></br> Judge April M. Perry |

**OPINION AND ORDER**

Plaintiffs Shenzhen Zhonghe Textile Co. Ltd. and ShenZhenShi LingKe WangLuoKeJi YouXianGongSi bring this action for patent non-infringement against Defendant Waters Industries, Inc. under the Declaratory Judgment Act. Doc. 6 at 1. Specifically, Plaintiffs allege non-infringement and invalidity of U.S. Patent No. 11,478,035 ("'035 Patent"). *Id.* Defendant moves to dismiss this action in its entirety pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, to dismiss or sever pursuant to Rule 21 for misjoinder. Doc. 26. For the following reasons, Defendant's motion is denied.

**BACKGROUND**

Plaintiffs sell lighted hats on the Amazon marketplace. Doc. 6 at ¶ 1. On May 15 and 18, 2024, Plaintiffs allegedly received notifications from Amazon that their lighted hats had been removed because Defendant complained to Amazon of infringement of the '035 Patent. *Id.* Amazon notified Plaintiffs that a court order could be used to reactivate their listings. *Id.* Because both Plaintiffs are from China, Amazon constitutes their primary sales channel in the United States. *Id.* ¶ 17.

Plaintiffs claim that their lighted hat listings were removed from Amazon for over a month. *Id.* ¶¶ 12-17; Doc. 31 at 2. On June 13, 2024, Plaintiffs moved for a preliminary injunction. Doc. 7. On July 1, Plaintiffs withdrew the preliminary injunction motion and represented that their product listings had been reinstated by Amazon. Doc. 18.

## ANALYSIS

### *Subject Matter Jurisdiction*

Defendant first argues that dismissal is appropriate under Rule 12(b)(1) because Plaintiffs lack standing and therefore the Court does not have subject matter jurisdiction over the case. Specifically, Defendant claims that the injury necessary to establish standing evaporated when Amazon relisted Plaintiffs' lighted hats.

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. The standard for evaluating a Rule 12(b)(1) motion depends on whether the defendant raises a facial or factual challenge. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A "facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'" *Id*. In contrast, a "factual challenge contends that 'there is *in fact* no subject matter jurisdiction,' even if the pleadings are formally sufficient." *Id*. When considering a factual challenge, "the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* Here, Defendant asserts that regardless of what the complaint alleges, Plaintiffs do not have standing as a factual matter. The Court therefore will examine all evidence that the parties have presented to decide whether subject matter jurisdiction exists.

2

Standing is a threshold requirement for a federal court's subject matter jurisdiction because of the Constitutional requirement that federal courts only may decide cases and controversies. *Bazile v. Fin. System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). "The requisite elements of Article III standing are well established: A plaintiff must show (1) an injury in fact, (2) fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by the requested relief." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 296 (2022). In the context of a declaratory judgment action where a finding of patent invalidity or non-infringement is sought, standing is satisfied "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007).

Standing is properly established here. Defendant does not dispute that it picked this fight by informing Amazon that Plaintiffs were infringing the '035 Patent. That report caused Amazon to remove Plaintiffs' products from Amazon for over a month, which Plaintiffs have alleged caused them injury in the form of lost good will as well as lost sales. Doc. 6 ¶ 1. Although Amazon has allowed Plaintiffs to sell again, we do not know why Amazon made that decision or how long Amazon will stand by it, and Plaintiffs are still a position "of either pursuing arguably illegal behavior or abandoning that which [they] claim[] a right to do." *Id.*[1] Plaintiffs' dilemma could be redressed by this declaratory judgment action, and Amazon has told Plaintiffs that a court order would resolve the issue. This is sufficient injury, traceability, and redressability for the purposes of conferring standing. *See, e.g., Shenzhen Yuanyun Acoustic Technology Co. Ltd et*

---

[1] Defendant suggests that perhaps the products were relisted because Plaintiffs' counsel submitted a non-infringement letter to Amazon. Doc. 32 at 2. This indicates to the Court that Defendant has not chosen to withdraw its allegation of infringement, and that Amazon is waiting out this litigation before making a final decision.

*al v. Waters Industries, Inc.*, No. 24-cv-5548, Doc. 26 (N.D. Ill. Apr. 18, 2025); *Yiwu Meidi E-commerce Co., Ltd et al v. Waters Industries, Inc.*, No. 24-CV-5928, Doc. 29 (N.D. Ill. Apr. 18, 2025); *Qindao Maxwell Commercial & Trading Co. Ltd. v. Zero Technologies, LLC*, No. 23-4518, 2024 WL 1416604, at *2 (E.D. Pa. Apr. 2, 2024) (delisted products on Amazon sufficient to confer standing for trademark declaratory judgment action).

To the extent Defendant wants to moot this case, it could agree not to enforce its intellectual property rights against Plaintiffs. *See Already LLC v. Nike, Inc*., 568 U.S. 85 (2013) (holding that it is a defendant's burden "to show that it could not reasonably be expected to resume its enforcement efforts" against a plaintiff before that plaintiff will lose standing). But Defendant has not done so, and for that reason there still exists a case or controversy to resolve.

***Joinder***

The Court also disagrees that this case should be severed or dismissed for misjoinder.

Defendant argues that joinder of the two Plaintiffs is improper under the America Invents Act, codified at 35 U.S.C. § 299. Specifically, Defendant points to § 299(b) for the principle that joinder is explicitly prohibited in patent cases when it is solely supported by an allegation that the same patent has been infringed. However, the Court finds § 299(b) inapplicable based upon its plain language, which states that "accused infringers may not be joined in one action *as defendants or counterclaim defendants* … based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b) (emphasis added). This language unambiguously refers to joinder of defendants, not plaintiffs, and therefore does not apply to the current case. *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means

4

and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'").

Turning to the propriety of joining both Plaintiffs under Rule 20(a)(1), "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 21 makes clear that misjoinder of parties 'is not a ground for dismissing an action" and that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The Court has discretion to "consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). This includes consideration of whether joinder "will result in prejudice, expense, or delay." *Id*. citing Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1652 (3d ed.).

First, the Court looks to whether the claims arise out of the same transaction, occurrence, or series of transactions or occurrences such that there is a "logical relationship" between them. *See In re EMC Corp.*, 677 F.3d 1351, 1358-59 (Fed. Cir. 2012) (discussing that a logical relationship "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts"). Here, Plaintiffs were selling the same type of product on the same platform in the same timeframe and were notified within three days of each other that Defendant had complained about their products infringing the same patent. Furthermore, Plaintiffs claim that their allegedly infringing products were sourced from the same supplier. Doc. 31 at 4. These facts create a logical relationship between Plaintiffs. Second, the

validity of Defendant's '035 patent creates a common question of law or fact between those Plaintiffs. Finally, joinder of these two Plaintiffs is in the interest of judicial efficiency and fundamental fairness. Plaintiffs are jointly represented, and therefore only one set of briefs on the relevant issues will be required.[2] This cannot be considered overly burdensome and is in fact less burdensome on Defendant than if the Court were to sever the actions and require everything to be briefed twice. Accordingly, the Court finds that joinder of both Plaintiffs is proper.

## CONCLUSION

Defendant's motion to dismiss is denied. Defendant must file its answer by May 12, 2025.

Dated: April 18, 2025

_____
APRIL M. PERRY
United States District Judge

---

[2] This case is distinguishable from the ubiquitous "Schedule A" cases where one plaintiff seeks to sue dozens of defendants and then proceed *ex parte* against them. Courts often disallow joinder in Schedule A cases because having dozens of defendants does not promote judicial efficiency and because it is fundamentally unfair when seemingly unrelated parties have been joined and not given an opportunity to argue the issue. *E.g. Zaful (Hong Kong) Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 24-CV-11111, 2025 WL 71797 (N.D. Ill. Jan. 10, 2025) (attempting to join 13 defendants); *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 189-90 (N.D. Ill. 2020) (attempting to join 79 defendants). Here, there has been an adversarial testing of the joinder issue and the parties seeking to be joined have agreed to it and provided evidence about their similarities.